Lanteri v. State of Connecticut

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8ᵗʰ day of June, two thousand eighteen.

PRESENT:
> **DENNIS JACOBS,**
> **CHRISTOPHER F. DRONEY,**
> > *Circuit Judges,*
> **STEFAN R. UNDERHILL,***
> > *District Judge.*

---

**Michael A. Lanteri,**
> *Plaintiff-Appellant*,

> v.                                                                                          **17-2772**

**State of Connecticut**,
> *Defendant-Appellee*.

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Michael A. Lanteri, pro se, Old Lyme, CT. |
| **FOR DEFENDANT-APPELLEE:** | Alayna Michelle Stone, Assistant Attorney General, *for* George Jepsen, Attorney General of the State of Connecticut, Hartford, CT. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Bryant, *J.*).

---

* Judge Stefan R. Underhill, United States District Court for the District of Connecticut, sitting by designation.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Michael A. Lanteri, pro se, sued the State of Connecticut under 42 U.S.C. § 1983, alleging that a family court judge violated the First Amendment and due process by ordering him to pay alimony and certain assets to his former wife. The district court dismissed Lanteri's § 1983 claims for lack of subject matter jurisdiction on the ground that the State was immune from suit under the Eleventh Amendment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Dismissal for lack of subject matter jurisdiction is proper "when the district court lacks the statutory or constitutional power to adjudicate." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). We review questions of subject matter jurisdiction *de novo*. *See Lefkowitz v. Bank of N.Y.*, 528 F.3d 102, 107 (2d Cir. 2007).

As the district court determined, the Eleventh Amendment precludes a party from suing a state unless the state expressly waives its immunity or Congress abrogates that immunity. *See CSX Transp., Inc. v. N.Y. State Office of Real Prop. Servs.*, 306 F.3d 87, 94-95 (2d Cir. 2002). Connecticut has not waived its immunity. *See Fetterman v. Univ. of Conn.*, 192 Conn. 539, 550-52 (1984), *abrogated on other grounds by Piteau v. Bd. of Educ. of the City of Hartford*, 300 Conn. 667 (2011). Nor has Congress abrogated it. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990). Therefore, Lanteri's § 1983 claims are barred.

Lanteri argues that the district court had subject matter jurisdiction because his complaint raised a federal question and that the court erred by failing to address his claims on the merits. However, a state is immune from suit under the Eleventh Amendment even if the suit raises a federal question. *See Atl. Healthcare Benefits Tr. v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993). And because a district court lacks jurisdiction to adjudicate a claim against an immune defendant, the court did not err in declining to resolve Lanteri's § 1983 claims on the merits. *See id.*

The court declined to exercise supplemental jurisdiction over any remaining state law claims once it dismissed the § 1983 claims. Because the court dismissed the § 1983 claims for lack of subject matter jurisdiction, however, it also lacked jurisdiction over any remaining state law claims. *See Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 399 (2d Cir. 2017) ("When a district court correctly dismisses all federal claims for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), the district court is thereby precluded from exercising supplemental jurisdiction over related state-law claims.").

We have considered Lanteri's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

2